UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NARCISCO GUZMAN MARTINEZ,
VINCENTE FERNANDEZ and
ALEXANDER VELASQUEZ-JIMENEZ

                          Docket No.:

           Plaintiffs,   **COMPLAINT**

-against-

                         **Jury Trial Requested**

COLLIN STEPHEN GREGORY II and
HANDS ON MOVING LLC

           Defendant(s).

-----------------------------------------------------------------X

Plaintiffs **NARCISCO GUZMAN MARTINEZ, VINCENTE FERNANDEZ and ALEXANDER VELASQUEZ-JIMENEZ** by their attorneys, **IKHILOV & ASSOCIATES**, as and for their Verified Complaint against the Defendants **COLLIN STEPHEN GREGORY II and HANDS ON MOVING LLC,** respectfully alleges, upon information and belief as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is pursuant to 28 U.S.C. Section 1332 whereas the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

2. Venue in this District is pursuant to 28 U.S.C. Section 1391 whereas events constituting the claims arose in this District.

### PARTIES

3. That at all times hereinafter alleged, Plaintiff NARCISCO GUZMAN MARTINEZ was and still is a resident of the County of New York, in the State of New York.

4. That at all times hereinafter alleged, Plaintiff VINCENTE FERNANDEZ was and still is a resident of the County of New York, in the State of New York.

5. That at all times hereinafter alleged, Plaintiff ALEXANDER VELASQUEZ-JIMENEZ was and still is a resident of the County of New York, in the State of New York.

6. That at all times hereinafter mentioned, Defendant COLLIN STEPHEN GREGORY II was and still is a resident of the County of New Haven, in the State of Connecticut.

7. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC was and still is a domestic corporation, duly organized and existing by virtue of and under the laws of the State of Connecticut.

8. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC did conduct and carry on vehicleiness in the State of New York.

9. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC was and still is a limited liability partnership doing vehicleiness in the State of New York.

10. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC was and still is a sole proprietorship doing vehicleiness in the State of New York.

11. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC transacted vehicleiness within the State of New York.

12. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

13. That at all times hereinafter mentioned, Defendant HANDS ON MOVING LLC derived substantial revenue from interstate or international commerce.

14. That on or about June 22, 2022, Defendant HANDS ON MOVING LLC was the lawful owner of a 2016 Isuzu motor vehicle bearing Connecticut State registration number AE21393.

15. That on or about June 22, 2022, Defendant HANDS ON MOVING LLC did maintain the aforesaid 2016 Isuzu motor vehicle bearing Connecticut State registration number AE21393.

16. That on or about June 22, 2022, Defendant COLLIN STEPHEN GREGORY II was the lawful operator of a 2016 Isuzu motor vehicle bearing Connecticut State registration number AE21393, with the express and/or implied authority, consent, permission and or/ratification, and/or within the scope of his/her duties and responsibilities as an agent, servant and or/employee of Defendant HANDS ON MOVING LLC.

17. That on or about June 22, 2022, Defendant COLLIN STEPHEN GREGORY II did control a 2016 Isuzu motor vehicle bearing Connecticut State registration number AE21393.

18. That on or about June 22, 2022, Defendant COLLIN STEPHEN GREGORY II did maintain a 2016 Toyota Isuzu bearing Connecticut State registration number AE21393.

19. That on or about June 22, 2022, Plaintiff NARCISCO GUZMAN MARTINEZ was the lawful owner and operator of a 2009 Toyota motor vehicle bearing New York State registration number HFT3791.

20. That on or about June 22, 2022, Plaintiff NARCISCO GUZMAN MARTINEZ did control a 2009 Toyota motor vehicle bearing New York State registration number HFT3791.

21. That on or about June 22, 2022, Plaintiff NARCISCO GUZMAN MARTINEZ did maintain a 2009 Toyota motor vehicle bearing New York State registration number HFT3791.

22. That on or about June 22, 2022, Plaintiff VINCENTE FERNANDEZ, was a passenger in Plaintiff MARTINEZ's vehicle.

23. That on or about June 22, 2022, Plaintiff ALEXANDER VELASQUEZ-JIMENEZ, was a passenger in Plaintiff MARTINEZ's vehicle.

## COUNT ONE- NEGLIGENT HIRING, RETENTION AND TRAINING

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

25. That the defendant HANDS ON MOVING LLC was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

26. That the defendant HANDS ON MOVING LLC was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

27. That on June 22, 2022, the driver of a 2016 Isuzu motor vehicle bearing Connecticut State registration number AE21393, COLLIN STEPHEN GREGORY II, operated said vehicle with the permission, consent and knowledge of the defendant HANDS ON MOVING LLC.

28. That on June 22, 2022, the driver of 2016 Isuzu motor vehicle bearing Connecticut State registration number AE21393, COLLIN STEPHEN GREGORY II, operated said vehicle within the course of his employment.

29. That on June 22, 2022, the driver of 2016 Isuzu motor vehicle bearing Connecticut State registration number AE213937, COLLIN STEPHEN GREGORY II, operated said vehicle outside the scope of his employment.

30. That the defendant HANDS ON MOVING LLC, its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of COLLIN STEPHEN GREGORY II; in failing to investigate and determine whether COLLIN STEPHEN GREGORY II was competent, and capable to carry out his job and observe necessary safety precautions; in failing to check the driving record, history and ability of COLLIN STEPHEN GREGORY II; in failing to assure that COLLIN STEPHEN GREGORY II was properly trained in the operation and safety of the vehicle; in negligently entrusting COLLIN STEPHEN GREGORY II with operation of the vehicle; in negligently hiring COLLIN STEPHEN GREGORY II; in negligently training COLLIN STEPHEN GREGORY II; in negligently supervising COLLIN STEPHEN GREGORY II; in negligently retaining COLLIN STEPHEN GREGORY II; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle, including but not limited to the Vehicle and Traffic Law of the State of New York.

31. That by reason of the foregoing, plaintiff, NARCISCO GUZMAN MARTINEZ, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; was compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and was otherwise injured or damaged.

32. That by reason of the foregoing, plaintiff, NARCISCO GUZMAN MARTINEZ, has

sustained damages in a sum which excess the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

33. That by reason of the foregoing, plaintiff, VINCENTE FERNANDEZ, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; was compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and was otherwise injured or damaged.

34. That by reason of the foregoing, plaintiff, VINCENTE FERNANDEZ, has sustained damages in a sum which excess the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

35. That by reason of the foregoing, plaintiff, ALEXANDER VELASQUEZ-JIMENEZ, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; was confined to bed and home; was compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and was otherwise injured or damaged.

36. That by reason of the foregoing, plaintiff, ALEXANDER VELASQUEZ-JIMENEZ, has sustained damages in a sum which excess the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

## COUNT TWO- NEGLIGENCE CAUSING SERIOUS PERSONAL INJURIES

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

38. That at all times hereinafter mentioned, the George Washington Bridge upper level, at or near its intersection with Linden Avenue traveling eastbound, was and still is a public street and/or thoroughfare in the State of New Jersey.

39. That on or about June 22, 2022, at the aforesaid location, the aforesaid a 2009 Toyota motor vehicle bearing New York State registration number HFT3791, operated by Plaintiff NARCISCO GUZMAN MARTINEZ was struck, collided into, had an accident with, the aforesaid 2016 Isuzu motor vehicle bearing Connecticut State registration number AE213937, operated by Defendant COLLIN STEPHEN GREGORY II.

40. That the aforesaid collision and accident was the result of negligence, carelessness and recklessness of the Defendant, as follows: that the Defendant was negligent, careless and reckless in the ownership, operation, maintenance, inspection, repair, custody and control of his/her motor vehicle; that Defendant's motor vehicle was operated at an excessive rate of speed; the Defendant operated his/her motor vehicle in an improper and negligent manner given the attendant circumstance, and in violation of applicable laws, rules, regulations, and/or ordinances; that non-use and/or improper use was made of the horn, signals, steering and braking mechanisms to Defendant's motor vehicle; that the operator of Defendant's motor vehicle failed to yield the right of way, warn, pay heed and attention to existing traffic and roadway conditions, signals and devices, and failed to operate his/her motor vehicle in a

reasonable safe manner and distance under the attendant circumstance, and failed to avoid the happening of the subject accident; that the operator of Defendant's motor vehicles failed to act as a reasonable safe and prudent driver, so as to cause and/or contribute to the happening of the subject accident; that the Defendant improperly, unreasonably, negligently, carelessly and recklessly operated his/her motor vehicle so as to wrongfully enter the subject accident; and that the Defendant was otherwise careless, reckless and negligent.

41. That Plaintiff NARCISCO GUZMAN MARTINEZ was free from contributing and/or comparative negligence in the happening of the subject occurrence.

42. That Plaintiff VINCENTE FERNANDEZ was free from contributing and/or comparative negligence in the happening of the subject occurrence.

43. That Plaintiff ALEXANDER VELASQUEZ-JIMENEZ was free from contributing and/or comparative negligence in the happening of the subject occurrence.

44. That as a result of this occurrence, Plaintiffs have sustained serious and severe personal injuries and nervous shock, was rendered sick, sore, lame and disabled, and has remained so since this occurrence, has required medical treatment, will upon information and belief require additional care and treatment in the future, and upon information and belief sustained economic and/or property damages.

45. That Plaintiff NARCISCO GUZMAN MARTINEZ is a covered person, and has sustained a "serious injury", within the meaning of Section 5102 of the Insurance Law of the State of New York.

46. That Plaintiff VINCENTE FERNANDEZ is a covered person, and has sustained a "serious injury", within the meaning of Section 5102 of the Insurance Law of the State of New York.

47. That Plaintiff ALEXANDER VELASQUEZ-JIMENEZ is a covered person, and has

sustained a "serious injury", within the meaning of Section 5102 of the Insurance Law of the State of New York.

48. That one or more exceptions to the limited joint and several liability provisions set forth in Article 16 of the CPLR apply.

49. That Plaintiff NARCISCO GUZMAN MARTINEZ, therefore, seeks monetary damages for this cause of action in excess of the jurisdictional limits of all lower Courts, the specific sum of which to be determined by the trier of fact and law.

50. That Plaintiff VINCENTE FERNANDEZ, therefore, seeks monetary damages for this cause of action in excess of the jurisdictional limits of all lower Courts, the specific sum of which to be determined by the trier of fact and law.

51. That Plaintiff ALEXANDER VELASQUEZ-JIMENEZ, therefore, seeks monetary damages for this cause of action in excess of the jurisdictional limits of all lower Courts, the specific sum of which to be determined by the trier of fact and law.

52. Plaintiffs hereby demand a Jury Trial on all issues so triable pursuant to FRCP Rule 38.

**WHEREFORE**, Plaintiff requests judgment against the Defendants in a sum exceeding the jurisdiction of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:   Brooklyn, New York
         October 20, 2022

                                                        Yours, etc.

                                                        _____
                                                        CYNTHIA ATTARD, ESQ (CA-5207)
                                                        **IKHILOV & ASSOCIATES**
                                                        *Attorneys for Plaintiffs*
                                                        76 West Brighton Avenue
                                                        Brooklyn, New York 11224
                                                        718-336-4999
                                                        Cattardesq@gmail.com